IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK G. INGRAM,

       Plaintiff,        Civil No. 05-161-CO

       v.                FINDINGS AND
                              RECOMMENDATION
STATE OF OREGON, et al.,    and ORDER

       Defendants.

COONEY, Magistrate Judge.

    Plaintiff filed a complaint alleging violations of his constitutional rights arising out of his exclusion from a "drug free zone" pursuant to a City of Portland ordinance. Defendants City of Portland, Kruger and Turner now move to dismiss and to strike as follows.

<u>Statute of Limitations:</u> 42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. <u>See</u>, <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985); <u>Vaughan v. Grijalva</u>, 927

1 - FINDINGS AND RECOMMENDATION and ORDER

F.2d 476, 478 (9th Cir. 1991); see also, Hoestery v. City of Catherdral City, 945 F.3d 317, 319 (9th Cir. 1981).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991). Accrual of a claim is not delayed until a plaintiff is aware of the full extent of his damages or all of the details relevant to his claim. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert denied, 529 U.S. 1117 (2000); Widing v. Schwabe Williamson & Wyatt, 154 Or. App. 276, 283 (1998).

Plaintiff alleges that he arrested, searched and issued an "exclusion notice" on January 6, 2003. The complaint in this action was filed on February 1, 2005.

Defendants contend that plaintiff's claims are barred by the two year statute of limitations discussed above. Plaintiff argues that his claim did not accrue until the the Drug Free

Zone Variance was declared unconstitutional by the Circuit Court of the State of Oregon for Multnomah County.

I find that plaintiff's claims arising out of his alleged false arrest and improper search on January 6, 2001, are untimely and barred by the two year statute of limitations. Accordingly, defendants' motion to dismiss plaintiff's claims against defendants Kruger and Turner should be allowed.

However, the record reflects that plaintiff's exclusion went into effect on the eighth calendar day following the issuance of the exclusion notice and was effective for 90 days. <u>See</u> Complaint, Exhibit 1, p. 2-5. Accordingly, to the extent that plaintiff claims that the City of Portland violated his rights by enforcing the exclusion notice, defendant City of Portland may be liable for such conduct and resulting harm occurring after February 1, 2002.

The City of Portland's Bureau of Risk Management's response to plaintiff's of tort claim notice indicates that it considered plaintiff's "date of loss" to be February 12, 2001. <u>See</u>, Complaint, Exhibit 6.

Based on the present record before the court, I find that plaintiff was excluded from the Drug Free Zone during a time within the applicable statute of limitations. Thus although the claims based on the January 6, 2001 arrest and associated incidents are barred by the statute of limitations, he may have a cognizable claim for conduct and alleged harm within the limitations period.

3 - FINDINGS AND RECOMMENDATION and ORDER

Defendants' motion to dismiss plaintiff's claims against the City of Portland should be denied.

Respondeat Superior: Defendants move to dismiss plaintiff's claims against the City of Portland on the ground that plaintiff fails to state a claim against defendant City of Portland because plaintiff does not allege that Officers Kruger and Turner were acting pursuant to an "official policy or custom" at the time of plaintiff's arrest and the search of his vehicle.

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. In order to establish municipal liability for constitutional violations a plaintiff must allege that the conduct complained of was pursuant to a governmental custom or policy. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

In this case plaintiff's claims arise out of the enforcement of a "Drug Free Zone Variance" pursuant to Portland City Code 14.B.20060 D. See, Exhibit 1, Multnomah County Circuit Court Opinion and Order, p. 2. Such an ordinance constitutes a custom or policy sufficient to support liability under 42 U.S.C. § 1983. Plaintiff alleges that he was "cited issued a drug fee zone exclusion" (sic) and "charged with a violation of a variance PCC 14B.20.060D." Complaint, p. 4.

4 - FINDINGS AND RECOMMENDATION and ORDER

Defendants' motion to dismiss plaintiff's claim against the City of Portland on the ground that plaintiff has failed to allege "a policy statement, ordinance, regulation or 'custom' upon which potential liability is premised" should be denied.

Conclusion: Defendants' Rule 12 Motions should be allowed in part and denied in part as follows. Defendants' motion to dismiss plaintiff's claims against defendants Kruger and Turner should be allowed. Defendants' motion to dismiss plaintiff's claims against the City of Portland should be allowed as to the incidents occurring before February 1, 2002 and denied in all other respects. Defendants' motion to dismiss plaintiff's claims against the City of Portland on the grounds that plaintiff has failed to allege a sufficient "custom or policy" to support liability under 42 U.S.C. § 1983, should be denied. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate

Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

<u>Motion to Strike:</u>  Defendants' motion to strike plaintiff's claim for punitive damages against the City of Portland is allowed.  <u>See</u>, <u>City of Newport v. Fact Concerts, Inc.</u>, 452 U.S. 622 (1980)[municipality immune from punitive damages under 42 U.S.C. § 1983].

Plaintiff is advised that punitive damages are not recoverable against any defendant pursuant to any pendent state claim that may be alleged in plaintiff's complaint. <u>See</u>, O.R.S. 30.270.

DATED this ___ day of June, 2005.

                               _____S/_____
                                  John P. Cooney
                                  United States Magistrate Judge