IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK GLASKER INGRAM,<br><br>                Plaintiff,<br><br>v.<br><br>STATE OF OREGON, MULTNOMAH<br>COUNTY, CITY OF PORTLAND,<br>TERRY KRUGER and DARYL TURNER,<br><br>                Defendants. | Civ. No. 05-161-CO<br><br><br><br>ORDER |

AIKEN, Judge:

Magistrate Judge Cooney filed his Findings and Recommendation on June 16, 2005. Magistrate Judge Cooney recommends that defendants' Rule 12 Motions be granted in part and denied in part. Specifically, Magistrate Judge Cooney recommends that the motions be granted as to plaintiff's claims against defendants Kruger and Turner and plaintiff's claims against the City of Portland involving incidents prior to February 1, 2003, and the motions be denied in all other respects. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Plaintiff filed objections to the Findings and Recommendation, and therefore, I have given de novo review of Magistrate Judge Cooney's ruling.

I agree that plaintiff's claim stemming from events occurring on January 6, 2003 is barred by the applicable two-year statute of limitations. Under federal law, a claim under 42 U.S.C. § 1983 generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Cabrera v. City of Huntington Park, 159 F.3d 374, 378 (9th Cir. 1998). Accordingly, plaintiff's Fourth Amendment claim alleging unlawful seizure accrued at the time of the alleged violation, on January 6, 2003. Id. at 380 n.7.

Plaintiff maintains that his claim did not accrue until legal proceedings relevant to his arrest were dismissed on December 1, 2003. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that where a § 1983 action calls into question the lawfulness of a plaintiff's conviction, the claim does not accrue until and unless the charges are dismissed or the conviction or sentence has been reversed on direct appeal. Id. at 486-87. Thus, Heck "applies only to those claims that would necessarily imply the

invalidity of any conviction that might have resulted from prosecution of the dismissed . . . charge." Harvey, 210 F.3d at 1013 (internal citation and quotation marks omitted).

Although plaintiff alleges that he was arrested, searched and issued an "exclusion notice" on January 6, 2003, plaintiff was not charged, prosecuted or convicted as a result of his arrest on January 6, 2003. See Civil Rights Complaint, Exhibit 3(B) (Memorandum in Support of Demurrer), p. 2. Rather, after plaintiff was arrested for violating the exclusion notice, he challenged the notice and it was declared unconstitutional. Therefore, plaintiff's § 1983 claim for unlawful seizure does not call into question the lawfulness of any conviction, and the statute of limitations is not tolled.

THEREFORE, IT IS HEREBY ORDERED that Magistrate Judge Cooney's Findings and Recommendation (doc. 19) filed June 16, 2005 is ADOPTED in its entirety. Defendants' Rule 12 Motions are GRANTED in part and DENIED in part. Plaintiff's claims against defendants Kruger and Turner, and plaintiff's claims against the City of Portland involving incidents prior to February 1, 2003 are DISMISSED.

IT IS SO ORDERED.

Dated this 27 day of September, 2005.

_____
Ann Aiken
United States District Judge